# EXHIBIT A



# Notice of Service of Process

null / ALL
Transmittal Number: 23097238
Date Processed: 04/22/2021

| | |
|---|---|
| **Primary Contact:** | Thomas A Belton<br>QPSI Mass, LLC<br>5 Cooper St.<br>Burlington , NJ 08016-2001 |
| **Entity:** | Quality Packaging Specialists International, LLC<br>Entity ID Number  2541895 |
| **Entity Served:** | Quality Packaging Specialists International, LLC |
| **Title of Action:** | Dawn Callender, on bahalf of herself and other persons similarly situated vs. Quality Packaging Specialists International, LLC |
| **Document(s) Type:** | Summons/Complaint |
| **Nature of Action:** | Class Action |
| **Court/Agency:** | Madison County Circuit Court, IL |
| **Case/Reference No:** | 2021L000457 |
| **Jurisdiction Served:** | Illinois |
| **Date Served on CSC:** | 04/21/2021 |
| **Answer or Appearance Due:** | 30 Days |
| **Originally Served On:** | CSC |
| **How Served:** | Personal Service |
| Sender Information: | William H. Beaumont<br>773-831-8000 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**
251 Little Falls Drive, Wilmington, Delaware 19808-1674   (888) 690-2882   |   sop@cscglobal.com

This form is approved by the Illinois Supreme Court and is required to be accepted in all Illinois Circuit Courts.

| STATE OF ILLINOIS, CIRCUIT COURT | | | | For Court Use Only |
|---|---|---|---|---|
| Madison | COUNTY | **SUMMONS** | | |

| Instructions ▼ | | |
|---|---|---|
| Enter above the county name where the case was filed. | Dawn Callender | |
| Enter your name as Plaintiff/Petitioner. | Plaintiff / Petitioner *(First, middle, last name)* | |
| Enter the names of all people you are suing as Defendants/Respondents. | v. | |
| Enter the Case Number given by the Circuit Clerk. | Quality Packaging Specialists International, LLC | 2021L 000457 |
| | Defendant / Respondent *(First, middle, last name)* | **Case Number** |

| | | |
|---|---|---|
| In **1**, if your lawsuit is for money, enter the amount of money you seek from the Defendant/Respondent. | **1.** | **Information about the lawsuit:**<br>Amount claimed: $ in excess of $50,000 |
| In **2**, enter your contact information. If more than 1 person is bringing this lawsuit, attach an *Additional Plaintiff/Petitioner Contact Information* form. | **2.** | **Contact information for the Plaintiff/Petitioner:**<br>Name *(First, Middle, Last)*: William H. Beaumont<br>Street Address, Apt #: 107 W. Van Buren, Suite 209<br>City, State, ZIP: Chicago, IL 60605<br>Telephone: (773) 831-8000<br>See attached for additional Plaintiff/Petitioner contact information |
| In **3**, enter the name of the person you are suing and their address. If more than 1 person is being sued, attach an *Additional Defendant/Respondent Contact Information* form. | **3.** | **Contact information for the Defendant/Respondent:**<br>Name *(First, Middle, Last)*: Agent: Illinois Corporation Service<br>Street Address, Apt #: 801 Adlai Stevenson Drive<br>City, State, ZIP: Springfield IL 62703<br>Telephone:<br>See attached for additional Defendant/Respondent contact information |

**Important Information for the person receiving this form:**

You have been sued.
Follow the instructions on the next page on how to appear/answer.

- If you do not appear/answer the court may decide the case without hearing from you and enter a judgment against you for what the plaintiff/petitioner is asking.
- Your written appearance/answer must be filed on time and in the proper form.
- Forms for a written appearance/answer are available here: http://www.illinoiscourts.gov/forms/approved/default.asp

If you cannot afford to pay the fee for filing your appearance/answer, ask the circuit clerk for an *application for waiver of court fees*.

You should read all of the documents attached.

SU-S 1503.1    Page 1 of 4    (09/18)

Enter the Case Number given by the Circuit Clerk: 2021L 000457

| In 4, the Circuit Clerk will give you the court date or appearance date, check any boxes that apply, and include the address of the court building and room where the Defendant/Respondent must file their response. |
|---|

4. **Instructions for person receiving this form (Defendant/Respondent):**
   To respond to this *Summons* you must:

   ☐ Go to court:
   On this date: _____ at this time: _____ ☐ a.m. ☐ p.m.
   Address: _____ Court Room: _____
   City, State, ZIP: _____

   ☐ File a written *Appearance* and *Answer/Response* with the court:
   On or before this date: _____ at this time: _____ ☐ a.m. ☐ p.m.
   Address: _____
   City, State, ZIP: _____

   ☑ File a written *Appearance* and *Answer/Response* with the court within 30 days from the day you receive this *Summons* (listed below as the "Date of Service").
   On this date: _____ at this time: _____ ☐ a.m. ☐ p.m.
   Address:
   City, State, ZIP: 155 North Main Street Edwardsville, IL 62025

| STOP! The Circuit Clerk will fill in this section. |
|---|

**Witness this Date:** 4/21/2021

**Clerk of the Court:** /s/ Thomas McRae   /s/ Jennifer Schaefer

| STOP! The officer or process server will fill in the Date of Service. |
|---|

This *Summons* must be served within 30 days of its date, listed above.

Date of Service: _____
(Date to be entered by an officer or process server on the copy of this Summons left with the Defendant/Respondent or other person.)

| Plaintiff/Petitioner: | To serve this *Summons*, you must hire the sheriff (or a private process server outside of Cook County) to deliver it and your Complaint/Petition to the Defendant/Respondent. If the sheriff (or private process server outside of Cook County) tries but can't serve the *Summons*, fill out another summons and repeat this process. |
|---|---|

| Attention: | E-Filing is now mandatory for documents in civil cases with limited exemptions. To e-file, you must first create an account with an e-filing service provider. Visit http://efile.illinoiscourts.gov/service-providers.htm to learn more and to select a service provider. If you need additional help or have trouble e-filing, visit http://www.illinoiscourts.gov/faq/gethelp.asp or talk with your local circuit clerk's office. |
|---|---|

This form is approved by the Illinois Supreme Court and is required to be accepted in all Illinois Circuit Courts.

| STATE OF ILLINOIS, CIRCUIT COURT<br>Madison COUNTY | AFFIDAVIT OF SERVICE OF SUMMONS AND COMPLAINT/PETITION | For Court Use Only |
|---|---|---|

**Instructions**

Enter above the county name where the case was filed.

Enter your name as Plaintiff/Petitioner.

Dawn Callender
*Plaintiff / Petitioner (First, middle, last name)*

Enter the name of the person you are suing as Defendant/Respondent.

v.

Quality Packaging Specialists International, LLC
*Defendant / Respondent (First, middle, last name)*

2021L 000457
**Case Number**

Enter the Case Number given by the Circuit Clerk.

**DO NOT** complete this section. The sheriff will complete it.

**\*\*Stop. Do not complete the form. The sheriff will fill in the form.\*\***

My name is _____ and I swear under oath
             *First, Middle, Last*

that I served the *Summons* and Complaint/Petition on the Defendant/Respondent
_____ as follows:
*First, Middle, Last*

☐ Personally on the Defendant/Respondent:
   Male: ☐   Female: ☐   Approx. Age: _____   Hair Color: _____
   Height: _____   Weight: _____
   On this date: _____   at this time: _____   ☐ a.m. ☐ p.m.
   Address: _____
   City, State, ZIP: _____

☐ At the Defendant/Respondent's home:
   On this date: _____   at this time: _____   ☐ a.m. ☐ p.m.
   Address: _____
   City, State, ZIP: _____
   And left it with: _____
                    *First, Middle, Last*
   Male: ☐   Female: ☐   Approx. Age: _____
   and by sending a copy to this defendant in a postage-paid, sealed envelope to the above address on _____, 20 _____

☐ On the Corporation's agent, _____
                              *First, Middle, Last*
   On this date: _____   at this time: _____   ☐ a.m. ☐ p.m.
   Address: _____
   City, State, ZIP: _____

SU-S 1503.1                               Page 3 of 4                               (09/18)

Enter the Case Number given by the Circuit Clerk: 2021L 000457

| DO NOT complete this section. The sheriff, or private process server will complete it. | By: _____ Signature<br><br>_____ Print Name |
|---|---|

FEES
By certified/registered $ _____
Service and Return $ _____
Miles: _____ $ _____
Total $ _____

***EFILED***
Case Number 2021L 000457
Date: 4/15/2021 5:19 PM
Thomas McRae
Clerk of Circuit Court
Third Judicial Circuit, Madison County Illinois

IN THE CIRCUIT COURT OF THE THIRD JUDICIAL CIRCUIT
MADISON COUNTY, ILLINOIS

| | |
|---|---|
| DAWN CALLENDER, on behalf of herself and other persons similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>QUALITY PACKAGING SPECIALISTS INTERNATIONAL, LLC,<br><br>Defendant. | Case No.:<br><br>2021L 000457<br><br>CLASS ACTION COMPLAINT |

Plaintiff Dawn Callender files the following Class Action Complaint against Defendant Quality Packaging Specialists International, LLC:

## NATURE OF THE ACTION

1. This is an action by Dawn Callender ("Plaintiff") on behalf of herself and a class of similarly situated individuals ("class members") to obtain statutory damages and other equitable relief under the Illinois Biometric Information Privacy Act ("BIPA" or "the Act").

2. Plaintiff and class members are subject to the unlawful biometric scanning and storage practices of the Defendant, Quality Packaging Specialists International, LLC ("QPSI" or "Defendant").

3. As past and present employees of QPSI, Plaintiff and class members were required to provide QPSI with their personalized biometric indicators and the biometric information derived therefrom ("biometric data"). Specifically, QPSI collects and stores its employees' fingerprints and requires all the employees to clock-in and clock-out by scanning their fingerprints into a fingerprint-scanning machine.

1

4. Following the capture of their employees' biometric data, QPSI uses this data to compare the future scans of their employees' fingerprints into a punch-clock device. The punch-clock device scans each fingerprint and confirms that the employee punching in to work is who they claim to be. The collection of the punch-clock fingerprint entries is then used to confirm employees' presence.

5. Plaintiff and class members have not been notified where their fingerprints are being stored, for how long QPSI will keep the fingerprints, and what might happen to this valuable information.

6. The State of Illinois recognized the value and importance of preserving people's biometric data when it passed the Illinois Biometric Information Privacy Act.

7. Unlike other forms of personal identification, such as photo IDs or passwords, fingerprints are immutable aspects of our bodies. This makes them a promising source of future identification-related technology, particularly in our increasingly insecure technological world.

8. If QPSI insists on collecting and storing their employees' fingerprints, QPSI must comply with BIPA. This includes (1) notifying employees the practice is taking place; (2) informing employees of how the practice is implemented; (3) obtaining written consent from the employees to collect and store their biometric data; (4) maintaining their employees' biometric data in a sufficiently secure manner; and (5) maintaining a publicly available disclosure of how the biometric data will be handled and destroyed.

9. Unfortunately for the Plaintiff and class members, none of these directives were followed. Accordingly, Plaintiff bring this action on behalf of herself and class members pursuant to obtain statutory damages and injunctive relief for violations of the Illinois Biometric Information Privacy Act, 740 ILCS § 14/1 *et seq.*

## JURISDICTION AND VENUE

10. This Court has jurisdiction over Defendant because Defendant has a base of operations in Illinois and does business extensively in Illinois. Furthermore, Defendant's unlawful conduct arose and was perpetuated while it was located in Illinois.

11. Venue is proper in this Court because Defendant is doing business and has a base of operations based in Madison County. Additionally, Defendant's unlawful conduct arose and was perpetuated while it was located in Madison County.

## PARTIES

12. Plaintiff Dawn Callender is an Illinois citizen who worked for Defendant and was subject to the same fingerprint-storing practices as other QPSI employees, outlined in further detail below.

13. Defendant Quality Packaging Specialists International, LLC is a for-profit New Jersey-based private corporation.

## FACTUAL ALLEGATIONS

14. QPSI required certain employees to scan their fingerprints in order to clock in and out at QPSI jobsites.

15. As part of this process, QPSI recorded and stored certain employees' fingerprint biometrics using fingerprint-scanning computer technology.

16. As part of this process, QPSI associated employees' biometric data with their personal identifying information, such as name and address.

17. Thus, QPSI caused the biometric data from employees' fingerprints to be recorded, collected, and stored.

18. QPSI did not inform in writing either Plaintiff or class members that their biometric data was being recorded, obtained, collected, and/or stored.

19. QPSI did not inform in writing either Plaintiff or class members the specific purpose and length of term for which their biometric data would be collected, stored, and/or used.

20. QPSI did not obtain Plaintiff's or class members' written consent to record, collect, obtain, and/or store Plaintiff's and class members' biometric data.

21. QPSI did not obtain Plaintiff's or class members' written consent to capture and store Plaintiff's and class members' biometric data.

22. QPSI did not disclose to Plaintiff, class members, or the public its written retention schedule and guidelines for permanently destroying employee biometric data.

23. QPSI did not disclose to Plaintiff or class members, in writing, of the specific purpose and length of term for which it was collecting, storing, and/or using class members' biometric information.

24. QPSI did not disclose to Plaintiff the identities of any third parties with whom QPSI was directly or indirectly sharing, disclosing, or otherwise disseminating class members' biometric information.

25. Upon information and belief, QPSI is storing its data in a manner less secure than it stores other similarly sensitive data. Upon information and belief, QPSI stores its employees' social security numbers (along with similar personal data) and confidential business records on personal computer systems with demonstrably more security than their fingerprint scanning machines possess. In addition to higher cyber security, QPSI's personal computer systems are in secure physical locations not as easily accessible to third-parties and QPSI's employees.

4

## CLASS ACTION ALLEGATIONS

26. Plaintiff seeks to certify a class action pursuant to 735 ILCS § 5/2-801 on behalf of the following class:

> *"All individuals whose biometric data Defendant collected or stored in Illinois."*

27. Class treatment in this case is appropriate because:

   (a) The class is so numerous that joinder of all members is impracticable. While the precise number of class members has not been determined, Plaintiff is informed and believes that there are sufficiently numerous class members such that joinder in impracticable;

   (b) There are questions of fact or law common to the class, which common questions predominate over any questions affecting only individual members; these common questions of law and fact include, without limitation:

   i. Whether QPSI collected and recorded class members' biometric data;

   ii. Whether QPSI obtained any class members' written consent to collect their biometric data;

   iii. Whether QPSI's conduct violates the BIPA; and

   iv. Whether Plaintiff and class members are entitled to damages and/or injunctive relief.

   (c) Given the nature of the employer-employment relationship, and the fact that QPSI employees will likely risk their jobs and/or livelihoods to enforce their rights under BIPA, members of the class will be reluctant to bring forth claims for unpaid wages and notices violations for fear of retaliation;

(d) The class representative, class members and Defendant have a commonality of interest in the subject matter and remedies sought and the Plaintiff is able to fairly and adequately represent the interest of the class. If individual actions were required to be brought by each member of the class injured or affected, the result would be a multiplicity of actions creating a hardship on the class members, the Defendant and the Court.

(e) The class action provides a superior method for fairly and efficiently adjudicating this controversy because many class members cannot feasibly vindicate their rights by individual suit because the value of their recoveries are outweighed by the burden and expense of litigating against the corporate Defendant.

28. Therefore, a class action is an appropriate method for the fair and efficient adjudication of this lawsuit.

## COUNT I
## VIOLATIONS OF ILLINOIS BIOMETRIC INFORMATION PRIVACY ACT
(Damages)

29. Plaintiff incorporates by reference each of the preceding allegations as though fully set forth herein.

30. QPSI recorded, collected, and stored Plaintiff's and class members' biometric identifiers and biometric information as defined by 740 ILCS § 14/10 of the Act. Every instance of QPSI collecting, capturing, storing, and/or sharing Plaintiff's and class members' biometrics identifiers and biometric information constitutes a violation of the Act.

31. QPSI violated Section 14/15(a) of the Act by failing to develop and/or make public its written policy to the Plaintiff and class members.

32. QPSI violated Section 14/15(b) of the Act by collecting, capturing, obtaining and storing Plaintiff's and class members' biometric identifiers and/or information without informing them in writing and obtaining a written release, that:

    (a) The biometric data was being recorded, obtained, collected, or stored; and

    (b) The specific purpose and length of term for which the biometric data was being collected, captured, obtained, and/or stored.

33. QPSI violated 14/15(e) of the Act by failing to store class members biometric data using the reasonable standard of care within its industry and/or in a manner that is the same as or more protective than the manner in which the private entity stores, transmits, and protects other confidential and sensitive information.

34. QPSI's conduct is at best negligent and at worst reckless.

35. Accordingly, QPSI is liable to Plaintiff and class members in the amount of liquidated damages or actual damages, whichever is greater. 740 ILCS § 14/20(1).

**COUNT II**
**VIOLATIONS OF ILLINOIS BIOMETRIC INFORMATION PRIVACY ACT**
(Injunctive Relief)

36. Plaintiff incorporates by reference each of the preceding allegations as though fully set forth herein.

37. The Act provides for injunctive relief. 740 ILCS § 14/20(4).

38. Plaintiff and class members are entitled to an order requiring QPSI to make disclosures consistent with the Act and enjoining further unlawful conduct.

39. Plaintiff seeks an order requiring QPSI to publicly disclose a written policy establishing the specific purpose and length of term for which class members' biometric data has

been collected, stored, and used. Additionally, Plaintiff seeks a disclosure from QPSI relative to their policy of permanently destroying class members' biometric data. 740 ILCS § 14/15(a).

40. Plaintiff seeks an order requiring QPSI to disclose whether QPSI retained her or any other class members' biometrics, and, if so, when and how such biometrics were permanently destroyed.

41. Plaintiff seeks an order requiring QPSI to disclose to whom it has disseminated, sold, or transferred Plaintiff and class members' biometric data.

42. Plaintiff seeks an order requiring QPSI to disclose the standard of care that it employed to store, transmit, and protect class members biometrics.

43. Plaintiff seeks an order enjoining QPSI from future violations of the Act.

44. Plaintiff and class members do not know what QPSI has done (or intends to do) with their biometric data. Injunctive relief is necessary to afford Plaintiff and class members the safety and peace of mind envisioned by the passage of the Act.

## PRAYER FOR RELIEF

Plaintiffs asks the court to enter judgment in her favor against Defendant and issue an order:

a. Certifying this case as a class action, naming Plaintiff class representative and her counsel as class counsel;

b. Declaring that QPSI has violated the Illinois Biometric Information Privacy Act, and enter a judgment in favor of Plaintiff and the class;

c. Awarding statutory damages of $5,000 for each willful and/or reckless violation of the Act;

d. Awarding statutory damages of $1,000 for each negligent violation of the Act;

e. Awarding injunctive and equitable relief as necessary to protect the interests of the Plaintiff and the class;

f. Awarding punitive damages pursuant to the formula set forth in 820 ILCS § 105/12(a);

8

g. Declaring that Defendant's conduct violated the Act;

h. Awarding reasonable attorneys' fees and costs of this action;

i. Awarding pre-judgment and post-judgment interest on all monetary amounts awarded in this action; and

j. Awarding such other general and equitable relief as this Court deems equitable and just.

*Respectfully Submitted,*

*/s/ William H. Beaumont*

Roberto Luis Costales (#6329085)
William H. Beaumont (#6323256)
BEAUMONT COSTALES LLC
107 W. Van Buren, Suite 209
Chicago, IL 60605
Telephone: (773) 831-8000
rlc@beaumontcostales.com
whb@beaumontcostales.com
*Attorneys for Plaintiff*