## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF ILLINOIS
## EAST ST. LOUIS DIVISION

| | |
|---|---|
| **DAWN CALLENDER, and on behalf of herself and other persons similarly situated,**<br><br>**Plaintiff,**<br><br>v.<br><br>**QUALITY PACKAGING SPECIALISTS INTERNATIONAL, LLC,**<br><br>**Defendant.** | Case No. 3:21-cv-00505-SMY<br><br>Hon. Judge Staci M. Yandle |

## DEFENDANT QUALITY PACKAGING SPECIALISTS INTERNATIONAL, LLC'S AGREED MOTION TO STAY PROCEEDINGS

Defendant QUALITY PACKAGING SPECIALISTS INTERNATIONAL, LLC ("Defendant") by and through its attorneys, respectfully moves for an agreed stay of proceedings to avoid unnecessary cost and undue prejudice given there are multiple pending appeals concerning potentially dispositive defenses relative to the Illinois Biometric Information Privacy Act ("BIPA") — including a case before the Illinois Supreme Court—that will directly impact this Court's jurisdiction over this case and whether Callender's claims are time-barred.  In support of this motion, Defendant states as follows:

1.      Callender alleges that she worked for QPSI and suffered a workplace injury when she used a biometric time-clock to clock in and out from work.  (ECF No. 1-2, ¶¶ 3-5.) Callender thereafter filed a class action lawsuit against QPSI under the Illinois Biometric Information Privacy Act ("BIPA"), 740 ILCS 14/1 *et seq.*  (*Id.*)

2.      A threshold issue is whether Callender's claims for statutory damages under BIPA are barred by the Exclusivity Provisions of the Illinois Workers' Compensation Act.

3.     That is the precise issue the Illinois Supreme Court will soon decide in *McDonald v. Symphony Bronzeville Park, LLC,* Case No. 126511.  There, the defendant-appellant's petition for leave to appeal to the Illinois Supreme Court was accepted on January 27, 2021, and briefing and oral argument are now complete, and the parties await oral argument.[1]

4.     The Illinois Supreme Court's decision to grant Symphony Bronzeville's petition for leave to appeal provides a "compelling reason" to doubt that the Illinois Appellate Court "stated the law correctly." *AAR Aircraft & Engine Grp., Inc. v. Edwards*, 272 F.3d 468, 470 (7th Cir. 2001).  As an Illinois federal court recently stated in *Jones, et al. v. IAS Logistics DFW, LLC*, another BIPA class case that has been stayed pending the outcome in *McDonald*:

> If the Illinois Appellate Court's conclusion were truly so firm, what need would there be for the Illinois Supreme Court to take up the case? And why would at least several Illinois Supreme Court justices feel a need to clarify something that was already pellucidly clear? Ultimately, the Illinois Supreme Court must be hinting at something.

*See Jones v. IAS Logistics DFW, LLC*, 19-cv-02510 (N.D. Ill. Apr. 27, 2021), Order attached as Exhibit B.

5.     The Illinois Supreme Court's ruling will be dispositive here.  Like Callender, the plaintiff in *McDonald v. Symphony Bronzeville* seeks statutory damages under BIPA for actions that arose during her employment.  And like QPSI, the defendant in *McDonald v. Symphony Bronzeville* argues that plaintiff's claim for statutory damages under BIPA are barred by the Exclusivity Provisions of the Workers' Compensation Act.

6.     If the state's high Court rules that statutory damages under BIPA are barred by the Exclusivity Provisions, then Callender's claims for statutory damages will be preempted by the Workers' Compensation Act.

---

[1]     *See* Order Allowing Petition for Leave to Appeal, attached as Exhibit A.

7.      Even if the Illinois Supreme Court affirms the First Appellate Court's decision in *McDonald v. Symphony Bronzeville*, the legal landscape for BIPA claims continues to unfold as demonstrated by several other pending BIPA appeals that will impact the viability of Callender's claims.

8.      BIPA does not contain a statute of limitations, however, the Seventh Circuit and two Illinois appellate courts will soon decide the applicable statute of limitations and when a plaintiff's BIPA claims begin to run.  740 ILCS 14/1 *et seq.*

9.      In *In Re: White Castle System, Inc.*, Case No. 20-8029, the Seventh Circuit will decide multiple issues, including Workers' Compensation exclusivity and whether a BIPA injury accrues the first time the plaintiff uses a biometric time-clock.  (*See* Order attached as Exhibit C.) The Seventh Circuit further determined that a stay of the district court case was "warranted" while the interlocutory appeal is pending.  (*Id.*)

10.     In *Tims v. Black Horse Carriers, Inc.*, Case No. 1-28-0563, the First District Illinois Appellate Court will decide whether a one-year or five-year statute of limitations applies to BIPA claims. (*See* Order attached as Exhibit D.)

11.     In *Marion v. Ring Container Technologies, LLC*, Case No. 3-20-0184, the Third District Illinois Appellate Court will decide whether a one, two, or five-year statute of limitations applies and whether an employee's BIPA claims are preempted by the Illinois Workers' Compensation Act. (*See* Order attached as Exhibit E.)

12.     QPSI contends that Callender's BIPA claims are barred under a one or two-year statute of limitations.  Accordingly, even if Callender's BIPA claims are not preempted by the Illinois Workers' Compensation Act, they may be time-barred, and the lawsuit may be moot.

13.     This Court has consistently granted motions to stay proceeding of BIPA class

actions based on the forthcoming rulings in *Symphony Bronzeville, White Castle, Tims* and *Ring*.

*See, e.g., Hall v. Meridian Senior Living, LLC*, Case No. 21-CV-55, 2021 WL 2661521 (S.D. Ill.

June 29, 2021) (Yandle, J.) (granting motion to stay BIPA class action, "pending resolution

of *Tims v. Black Horse Carriers, Inc.*, No. 1-20-0562, *Marion v. Ring Container Techs., LLC*,

No. 3-20-0184, and *In Re: White Castle System, Inc.*, No. 20-8029); *Roberson v. Maestro

Consulting Servs. LLC*, No. 20-CV-00895, 2021 WL 1017127 (S.D. Ill. Mar. 17, 2021)

(Rosenstengel, J.) (same); *Graphic Packaging Int'l, LLC*, No. 21-CV-750, 2021 WL 3634172

(S.D. Ill. Aug. 17, 2021) (Dugan, J.) (same); *Johns v. Paycor, Inc.*, No. 20-CV-00264, 2021 WL

2627974 (S.D. Ill. May 11, 2021) (Dugan, J.)  (same); *Morgan v. Kroger Bus. Partnership I,* No.

3:20-CV-1270, 2021 WL 2805596 (S.D. Ill. July 6, 2021) (Rosenstengel, J.) (granting motion to

stay pending rulings in *McDonald*, *Tims*, and *Ring*); *Young v. Integrity Healthcare Comm., LLC*,

513 F. Supp. 3d 1043 (S.D. Ill. Jan. 15, 2021) (Beatty, J.) (granting stay of responsive pleading

deadline).

14.     Other Illinois federal courts have followed this Court's precedent of granting

motions to stay (or continued existing stays) pending rulings in *McDonald* and the interlocutory

appeals in *Tims* and *Marion*. *See, e.g., Jones v. IAS Logistics DFW, LLC*, 19-cv-02510 (N.D. Ill.

Apr. 27, 2021) (Korcoras, C.); *Vaughan v. Biomat USA, Inc*., 20-cv-4241, 2020 WL 6262359

(N.D. Ill. Oct. 23, 2020) (Aspen, J.); *Bell v. SDH Services West, LLC*, 20-cv-3181, ECF No. 22

(N.D. Ill. Aug. 27, 2020) (Ellis, J.); *Treadwell v. Power Solutions Int'l, Inc*., 18-cv-8212, ECF

No. 120 (N.D. Ill. April 1, 2020) (Alonso, J.; later extended by agreement of the parties); *Donets

v. Vivid Seats, LLC*, 20-cv-3551, ECF No. 37 (N.D. Ill. Dec. 15, 2020) (Valderrama, J.); *Colon v.

Dynacast, LLC*, 20-cv-03317 (N.D. Ill. Feb. 26, 2021) (Dow, R.). And so, too, have multiple

state courts.  *See, e.g., See McDonald v. Symphony Bronzeville Park, LLC*, 2017 C 11311 (Cir. Ct. Cook Cty. Jan. 29, 2021); *Ambrose v. LCS Community Employment LLC*, 2019 CH 9912 (Cir. Ct. Cook Cty. Nov. 2, 2020); *Sanchez v. Elite Labor*, 2018 CH 02651 (Cir. Ct. Cook Cty. Oct. 14, 2020); *Young v. Bria Health Services, LLC*, 19 L 499 (Cir. Ct. St. Clair Cty. Oct. 29, 2020); *Tims v. Black Horse Carriers, Inc*., 2019 CH 03522 (Cir. Ct. Cook Cty. Jan. 28, 2020 & Oct. 20, 2020); *Townsend v. The Estates of Hyde Park, LLC*, 2019 CH 11849 (Cir. Ct. Cook Cty. Oct. 20, 2020); *Owens v. Wendy's Int'l, LLC*, 2018 CH 11423 (Cir. Ct. Cook Cty. Oct. 7, 2020); *Solomon v. Schmolz + Bickenbach USA, Inc*., 2019 CH 13361 (Cir. Ct. Cook Cty. Oct. 7, 2020); *Gory v. Glencrest Healthcare*, 2019 CH 04326 (Cir. Ct. Cook Cty. Oct. 2, 2020); *Measaw v. Heritage Operations Group, LLC*, 2019 CH 08321 (Cir. Ct. Cook Cty. Oct 2, 2020); *Cline v. Marion Rehabilitation Center*, 2020 L 52 (Cir. Ct. Williamson Cty. Aug. 14, 2020); *Young v. Tri City Foods, Inc*., 2018 CH 13114 (Cir. Ct. Cook Cty. Oct. 7, 2020); *Rondinella v. Palos Hills Healthcare, LLC*, 2020 CH 3357 (Cir. Ct. Cook Cty. July 17, 2020); *Marion v. Ring Container Technologies, LLC*, 2019 L 89 (Cir. Ct. Kankakee Cty. Apr. 20, 2020); *Burton v. BWAY Corp.*, 2018 CH 09797 (Cir. Ct. Cook Cty. Feb. 10, 2021); *Moore v. Eclipse Advantage, LLC*, 20 CH 5378 (Cir. Ct. Cook Cty. Feb. 5, 2021); *Gordon v. PBC Linear*, 20 L 305 (Cir. Ct. Winnebago Cty. Feb. 5, 2021); *Littleton v. Lydia Healthcare I, LLC*, 19 CH 12142 (Cir. Ct. Cook Cty. Feb. 4, 2021); *Trinidad v. Bridgeview Advisors, LLC*, 20 CH 6600 (Cir. Ct. Cook Cty. Feb. 4, 2021); *Wilson v. Park House Nursing & Rehab. Ctr., LLC*, 19 CH 10262 (Cir. Ct. Cook Cty. Feb. 2, 2021); *Peaks-Smith v. St. Anthony Hosp.*, 18 CH 7077 (Cir. Ct. Cook Cty. Feb. 1, 2021).  The above-referenced federal and state court stay orders are attached collectively as Exhibit F.

15.     A stay order will not prejudice Plaintiff since she no longer works at QPSI and is not incurring on-going harm.  Further, Plaintiff agreed to the stay, further evidencing she will not be harmed if the Court stays proceedings.

16.     Denying the motion, however, will prejudice QPSI because it will incur significant attorneys' fees and costs associated with discovery and potential motion practice that may be rendered unnecessary by rulings on the pending interlocutory appeals.

17.     Finally, granting a stay would promote the orderly administration of justice and judicial economy, particularly where requiring Defendant to move to dismiss, and the Court's resolution of such a motion, prior to the Illinois Supreme Court and First Appellate District's guidance on such potentially dispositive issues, would be premature.  A stay would also permit the Parties to further discuss potential resolution, absent the costs associated with concurrent litigation.

18.     Defendant respectfully submits, and Plaintiff agrees, that the most just and efficient course is to stay the case in its entirety until after the Illinois Supreme Court and the Illinois appellate courts decide the viability of two dispositive defenses: (1) whether Callender's claims for statutory damages under BIPA are barred by the Exclusivity Provisions of the Illinois Workers' Compensation Act; and (2) the appropriate statute of limitations.

**CONCLUSION**

For the above stated reasons, QPSI respectfully requests that the Court stay these proceedings until the appeals in *Symphony Bronzeville, White Castle, Tims* and *Ring* are decided by the Illinois Supreme Court, the Seventh Circuit, and the Illinois Appellate Courts, respectively, and for such other relief as the Court deems appropriate.

Dated: August 25, 2021

Respectfully Submitted,

QUALITY PACKAGING SPECIALISTS
INTERNATIONAL, LLC

By: */s/ Gerald L. Maatman, Jr.*
One of Its Attorneys

Gerald L. Maatman, Jr.
gmaatman@seyfarth.com
Alex W. Karasik
akarasik@seyfarth.com
SEYFARTH SHAW LLP
233 South Wacker Drive, Suite 8000
Chicago, Illinois 60606
(312) 460-5000
Facsimile: 312-460-7000

**Counsel for Defendant Quality Packaging Specialists International, LLC**

## CERTIFICATE OF SERVICE

I, Gerald L. Maatman, Jr., an attorney, do hereby certify that on this 25th day of August, 2021, I have caused a true and correct copy of the foregoing **DEFENDANT QUALITY PACKAGING SPECIALISTS INTERNATIONAL, LLC'S AGREED MOTION TO STAY PROCEEDINGS**, to be filed through the Court's CM/ECF system, and will serve the below Counsel of Record via email:

> Robert Luis Costales
> William H. Beaumont
> BEAUMONT COSTALES LLC
> 107 W. Van Buren, Suite 209
> Chicago, IL 60605
> ric@beaumontcostales.com
> whb@beaumontcostales.com

_/s/Gerald L. Maatman, Jr._