IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DAWN CALLENDER, on behalf of herself and all other persons similarly situated,<br><br>　　　　　　Plaintiffs,<br><br>vs.<br><br>QUALITY PACKAGING SPECIALISTS INTERNATIONAL, LLC<br><br>　　　　　　Defendant. | )<br>)<br>)<br>)<br>)　Case No. 21-cv-505-SMY<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

# MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff Dawn Callender brings this putative class action against her former employer Quality Packaging Specialists International, LLC ("QPSI") for violations of the Illinois Biometric Information Privacy Act, 740 ILCS 14/1, *et seq*. ("BIPA"). Callender was formerly employed by QPSI and clocked in and out from work each day utilizing QPSI's biometric timekeeping system. She alleges that QPSI violated BIPA by collecting and storing her biometric information without issuing proper notices, obtaining written consent, or disclosing its retention and destruction policies.

This matter is now before the Court for consideration of the parties' Agreed Motion to Stay Proceedings (Doc. 15). For the following reasons, the Motion is **GRANTED in part and DENIED in part**.

## Discussion

Courts "have inherent power to stay proceedings and 'to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.'" *Stone v. I.N.S.*, 514 U.S. 386, 411 (1995) (*quoting Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)).

Orders staying proceedings must both be "[]moderate" and within "reasonable limits." *Landis*, 299 U.S. at 257.  In evaluating a motion to stay, courts consider whether the stay will: (1) "simplify the issues in question and streamline the trial," (2) "reduce the burden of litigation on the parties and on the court[,]" and (3) "unduly prejudice or tactically disadvantage the nonmoving party[.]" *Genzyme Corp. v. Cobrek Pharm., Inc.*, 2011 WL 686807, at *1 (N.D. Ill. Feb. 17, 2011).  Here, the parties move to stay this case pending resolution of four appeals that they claim will impact this litigation: (1) *In re: McDonald v. Symphony Bronzeville Park, LLC*, No. 126511 (Ill.); (2) *Tims v. Black Horse Carriers, Inc.*, No. 1-28-0563 (Ill. App. Ct., 1st Dist.); (3) *Marion v. Ring Container Technologies, LLC*, No. 3- 20-0184 (Ill. App. Ct., 3rd Dist.); and (4) *Cothron v. White Castle Sys., Inc.*, Case No. 20-3202 (7th Cir.).

### Illinois Workers Compensation Act

In *McDonald v. Symphony Bronzeville Park*, the Illinois Appellate Court held that the Illinois Workers Compensation Act ("IWCA"), 820 ILCS 305/1, does not preempt BIPA claims. *See McDonald v. Symphony Bronzeville Park,* 2020 WL 5592607, at *8 (Ill. App. Ct. 1st Dist., September 18, 2020).  That decision is currently on appeal to the Illinois Supreme Court.  "Where the Illinois Supreme Court has not ruled on an issue, decisions of the Illinois Appellate Courts control, unless there are persuasive indications that the Illinois Supreme Court would decide the issue differently." *Nationwide Agribusiness Ins. Co. v. Dugan*, 810 F.3d 446, 450 (7th Cir. 2015) (citing *Allen v. Transamerica Ins. Co.*, 128 F.3d 462, 466 (7th Cir. 1997)).

Both Illinois courts and federal district courts have noted it is unlikely that the Illinois Supreme Court will rule that IWCA preempts BIPA. *Mintun v. Kenco Logistics Servs. LLC*, 2020 WL 1700328, at *2 (C.D. Ill. Apr. 7, 2020); *Donets v. Vivid Seats, LLC*, 20-cv-3551, R. 27 (N.D. Ill. Dec. 12, 2020) ("many state courts, and at least one federal district court, have refused to stay

BIPA litigation pending resolution of an appeal of the IWCA preemption issue."); *Roberson v. Maestro Consulting Servs. LLC,* No. 20-CV-00895-NJR, 2021 WL 1017127, at *1 (S.D. Ill. Mar. 17, 2021) (denying motion stay pending *McDonald* decision). Given this persuasive authority, the Court finds that a stay based on *McDonald* is not likely to simplify the issues, streamline trial, or reduce the burden of litigation on the parties.

## Statute of Limitations

BIPA does not contain a limitations period and no Illinois Appellate Court has decided the appropriate statute of limitations for BIPA claims. The parties contend that this Court should stay this case pending decisions from the Illinois Appellate Court in *Tims v. Black Horse Carriers, Inc.*, No. 1-20-0562 and *Marion v. Ring Container Techs., LLC*, No. 3-20-0184, which will address the currently unsettled question of which statute of limitations period applies to BIPA claims. Because a decision from the Illinois Appellate Court may be binding as the Illinois Supreme Court has not yet decided the applicable statute of limitations for BIPA claims, the Court finds it appropriate to stay this case pending the *Tims* and *Marion* decisions – which are both fully briefed. *See Roberson v. Maestro Consulting Servs. LLC,* 2021 WL 1017127, at *2 (S.D. Ill. Mar. 17, 2021); *Varnado v. W. Liberty Foods*, 2021 WL 545628, at *1 (N.D. Ill. Jan. 5, 2021).

## Accrual

The parties also seek a stay based on an interlocutory appeal pending before the Seventh Circuit that raises the question of when a BIPA claim accrues. *See Cothron v. White Castle System, Inc.*, No. 20-3202 (7th Cir.). Specifically, the Seventh Circuit will determine whether a private entity only violates BIPA when it first collects an individual's biometric information or whether a private entity violates BIPA each time it collects or discloses biometric data in violation of 740 ILCS 15(b) or 15(d). *Cothron v. White Castle Sys., Inc.*, No. 19-cv-00382, Doc. 141 (N.D. Ill.

Oct. 1, 2020). The district court in *White Castle* stayed the case because the Seventh's Circuit decision will affect whether the plaintiff has some or no timely claims, and the Seventh Circuit agreed that the stay was warranted. *Id.*, Doc. 144. Oral arguments are set for September 14, 2021. *Cothron v. White Castle*, Case No. 20-3202, Doc, 58 (7th Cir. June 21, 2021).

The *White Castle* decision will be binding on this Court and could significantly affect Plaintiff's claims. If the Seventh Circuit holds that a violation occurs only when the entity first collects or first discloses an individual's biometric data, Plaintiff may have no timely BIPA claims depending on how the Illinois Appellate Court rules in *Tims* and *Marion*. And, even if Plaintiff's claims survive, the *White Castle* decision will affect the scope of the putative class, discovery, and potential remedies.

## Conclusion

For the foregoing reasons, the parties' Agreed Motion to Stay Proceedings (Doc. 15) is **GRANTED in part and DENIED in part**. All proceedings and deadlines in this case are stayed pending resolution of *Tims v. Black Horse Carriers, Inc.*, No. 1-20-0562, *Marion v. Ring Container Techs., LLC*, No. 3-20-0184, and *Cothron v. White Castle System, Inc.*, No. 20-3202. The parties are **ORDERED** to file a status report within 14 days of each ruling.

IT IS SO ORDERED.

DATED: August 27, 2021

**STACI M. YANDLE**
**United States District Judge**