IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DAWN CALLENDER, on behalf of herself and all other persons similarly situated, | ) ) ) |
| Plaintiffs, | ) ) ) Case No. 21-cv-505-SMY |
| vs. | ) ) |
| QUALITY PACKAGING SPECIALISTS INTERNATIONAL, LLC | ) ) ) |
| Defendant. | ) ) |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff Dawn Callender brings this putative class action against her former employer, Quality Packaging Specialists International, LLC ("QPSI") for alleged violations of the Illinois Biometric Information Privacy Act, 740 ILCS 14/1, *et seq*. ("BIPA"). QPSI removed the case to this Court pursuant to the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d). This matter is now before the Court on the parties' Stipulation to Remand, in which they assert they have reached a settlement which contemplates effectuation in state court. (Doc. 24).

The Court's discretion to remand a case involving a properly removed claim is narrow and limited by statute. Significantly, the remand statutes do not expressly allow remand on the sole basis that the parties consent to it. *See* 28 U.S.C. §§ 1367(c), 1441(c)(2), and 1447(c). In other words, the parties may neither confer subject matter jurisdiction on this Court nor strip it of such jurisdiction by agreement or waiver. *See In re City of Mobile*, 75 F.3d 605, 607-08 (11th Cir. 1996) (28 U.S.C. § 1367(c) does not provide discretion to remand a properly removed federal claim); *Lawrence v. Fairfield Processing Corp.,* 2022 WL 10423622, at *1 (E.D. Mo. Oct. 18, 2022) (collecting cases).

Here, the parties do not contend that the Court lacks subject-matter jurisdiction nor do they cite authority indicating that the Court otherwise has discretion to remand this case. And their attempt to tactically manipulate the removal process is clear; after having removed the case and invoked this court's subject matter jurisdiction, they now wish to go back from whence they came to finalize their agreed settlement. But "in a properly removed case, subject-matter jurisdiction is a beast that parties, wielding joint motions for remand like steely knives, just can't kill." *Lawrence,* 2022 WL 10423622, at *2.

The undersigned has neither the discretion nor the inclination to allow the court to be used as a judicial placeholder. Accordingly, the joint request for remand is **DENIED**. Further, as the parties have advised the Court that this matter is settled, it is set for a videoconference hearing for preliminary approval of class action settlement on March 6, 2022, at 1:30 p.m. Instructions for accessing the videoconference will be provided by email. The Petition for Preliminary Approval shall be filed on or before February 27, 2023.

**IT IS SO ORDERED.**

**DATED:  February 6, 2023**

**STACI M. YANDLE**
**United States District Judge**